In re B & J HARRIS, INC., Bankrupt.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF OSCEOLA COUNTY, Plaintiff,**

v.

**Lionel SILBERMAN, Trustee, Defendant.**

**Bankruptcy No. 79–185–ORL–BK–M. Adv. No. 3.**

United States Bankruptcy Court, M. D. Florida, Orlando Division.

Aug. 25, 1980.

Robert H. Roth, Orlando, Fla., for plaintiff.

Lionel H. Silberman, Orlando, Fla., for defendant.

## ORDER DENYING MOTION TO TAX COSTS

GEORGE L. PROCTOR, Bankruptcy Judge.

The plaintiff initiated this adversary proceeding to obtain relief from the automatic stay, and obtained a final judgment lifting the stay. As the prevailing party, the plaintiff has filed a motion to tax its costs of $46.40 against the estate.

 Costs may be taxed under Bkrp.R. 754(b). The advisory committee's note to the rule explains

> [T]he bankruptcy courts have followed the equity practice of allowing costs to either party as a matter of discretion . . . . Because of the adverse effect on creditors of imposing costs on a bankrupt estate and the reciprocal equities of those involved in litigation with such an estate, costs have often been denied either party in contested proceedings in bankruptcy cases. Subdivision (b) preserves the traditional approach by leaving the taxation of costs in such proceedings to the court's discretion.

The Court uses this occasion to announce a rule that costs will generally not be taxed in a relief from stay proceeding.

■ The automatic stay imposed by R601 (and by § 362 of the Code) is in the nature of a temporary injunction. Because liens generally survive bankruptcy, a secured creditor is not required to dissolve the injunction; he is free to wait until the stay expires of its own accord. If he chooses to seek immediate relief from the stay, it can hardly be deemed unfair to require him to bear his own costs. In addition, it would be inappropriate to require the unsecured creditors to pay for releasing the collateral of secured creditors from the estate.

Although the instant case was filed under the old Bankruptcy Act, the expedited relief from stay proceedings available under the Code have resulted in a virtual flood of adversary proceedings. This Court will not second guess the wisdom of Congress in providing these expedited relief from stay proceedings, but we are prepared to say that creditors who seek and obtain relief from the automatic stay shall do so at their own cost.